*Kinney, Ballou & McClanahan* for respondent.

---

THOMAS MILNER HARRISON *v.* J. A. MAGOON, F. B. McSTOCKER, L. C. ABLES, DOROTHEA EMERSON (nee Lamb), T. E. COWART, J. H. KIRKPATRICK, A. E. POWTER, J. WOLFENDEN and GEORGE D. MOORE.

MOTION FOR REHEARING.

SUBMITTED NOVEMBER 24, 1902.  DECIDED DECEMBER 17, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Rehearing denied, on the ground that the point claimed to have been overlooked by the court in its former opinion, was not in fact overlooked, but was substantially disposed of by the reasoning of that opinion.

OPINION OF THE COURT BY PERRY, J.

The verdict of the jury in this case was for the plaintiff, against all of the defendants. Upon exceptions, this court set aside the verdict and ordered a new trial. *Ante,* p. 418. The plaintiff now moves for a rehearing on the ground "that a point duly argued and submitted to this Court was overlooked by the Court in its decision filed on the 22nd day of October, 1902." The point claimed to have been so overlooked is stated in the motion to be "that the defendants L. C. Ables, T. E. Cowart and J. H. Kirkpatrick, who personally executed the agreement upon which this action has been brought, stand in a different position from those defendants who executed said agreement through attorneys; that the reasons assigned by the Court for ordering a new trial of said cause do not and cannot apply to the defendants above named, and that as to them the verdict of the jury should not have been reversed."

Of the nine persons named as defendants in the action, it seems that four, namely, Cowart, Kirkpatrick, Ables and Wolfenden, personally signed the agreement sued on, the names of four others were signed by alleged attorneys in fact, and one, Moore, did not sign at all. In our opinion on the questions raised by the exceptions we held, *inter alia,* that the instructions given by the presiding judge to the jury on the subject of the authority of the attorneys in fact to execute the agreement on behalf of Magoon, McStocker and Mrs. Emerson were erroneous, that the attorneys in fact had no such authority either under their powers of attorney or by virtue of their relation as partners in the A. P. & I. H. Co., that it was impossible to say whether the jury found that the contract was authorized, as they might have found under the instructions given, or that the principals had subsequently ratified the acts of the agents, and that the error was prejudicial. We further held that notice to and demand upon Kirkpatrick was sufficient notice to and demand upon all of the other members of the A. P. & I. H. Co., provided they all executed or subsequently ratified the Tasma-

nia agreement and that, if the parties can be held jointly, notice to one would be notice to all.

The point mentioned in the present motion, while not expressly referred to, was disposed of by the decision. It was not overlooked. The action was brought against nine persons. The notice and demand relied upon was shown to have been made upon Kirkpatrick alone or, perhaps, upon Cowart and Kirkpatrick; in any event, no notice or demand was shown to have been made upon any of the other defendants. The notice to Kirkpatrick could affect the other defendants only upon the theory of a joint liability. If all of the nine are jointly liable, —and upon the present state of the case it may yet be proved that they are—recovery cannot be had against three or four only of the joint contractors. With possible exceptions not material in this case, the recovery must be either against all who are jointly liable or against each of the persons separately upon his several liability and in the latter case notice to one would not, by mere operation of law, be notice to any of the others.

Whether or not, if it shall appear hereafter that some of the persons named as defendants neither executed nor subsequently ratified the execution of the agreement, the others can still be held jointly liable, and whether or not, in such case, notice to one would be notice to the others thus held jointly liable, are questions which have not yet arisen and upon which no opinion is expressed.

The motion is denied.

*Robertson & Wilder* for plaintiff.

*Kinney, Ballou & McClanahan, J. A Magoon* and *J. Lightfoot* for defendants.